IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Weand, Jr.,             :
                                    : No. 9 M.D. 2015
                 Petitioner       : Submitted: June 26, 2015
                                      :
                v.                     :
                                      :
Commonwealth of Pennsylvania,     :
Pennsylvania Board of Probation and   :
Parole,                            :
                                      :
             Respondent      :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: August 14, 2015

Before this court are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) to Michael J. Weand, Jr.'s *pro se* petition for review filed in this court's original jurisdiction. In his petition, Weand seeks a writ of mandamus to compel the Board to file a revised statement of reasons for denying Weand parole. We sustain the Board's preliminary objections and dismiss Weand's petition for review.

Weand is presently confined at the State Correctional Institution at Coal Township, serving a sentence of 8 months' to 17 years' incarceration for robbery. On

December 23, 2013, the Board denied Weand parole based on Weand's need to participate in additional institutional programs, unsatisfactory parole supervision history, and failure to demonstrate motivation for success. (Board's Decision, 12/23/13, at 1.) The Board's decision further stated that at Weand's next parole review, the Board would consider whether Weand had: (1) successfully completed a substance abuse treatment program; (2) maintained a favorable recommendation for parole from the Department of Corrections (DOC); (3) maintained a clear conduct record; and (4) completed DOC's prescriptive programs. (*Id.*)

On July 28, 2014, the Board denied Weand parole based on "your risk and needs assessment indicating your level of risk to the community" and "reports, evaluations and assessments/level of risk indicates your risk to the community." (Board's Decision, 7/28/14, at 1.) The Board's decision further stated that at Weand's next parole review, the Board would consider whether Weand had maintained a favorable recommendation for parole from the DOC and a clear conduct record. (*Id.*)

On January 7, 2015, Weand filed a petition for review with this court seeking a writ of mandamus to compel the Board to file a revised statement of reasons for its July 28, 2014, decision denying Weand parole. On March 11, 2015, the Board filed preliminary objections in the nature of a demurrer, alleging that Weand's petition should be dismissed because he failed to establish a clear legal right to relief. We agree.[1]

---

[1] In ruling on preliminary objections in the nature of a demurrer, we must accept as true all well-pled material facts and all inferences reasonably deducible therefrom. *Nieves v. Pennsylvania*
**(Footnote continued on next page…)**

2

Because mandamus is an extraordinary remedy, "[t]his [c]ourt may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy." *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006). "Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense." *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997) (*en banc*). "[I]n an action in mandamus involving an administrative agency's exercise of discretion, the court may only direct the agency *to perform* the discretionary act and may not direct the agency to exercise its judgment or discretion in a particular way or direct the retraction or reversal of action already taken." *McGill v. Pennsylvania Department of Health, Office of Drug and Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000) (emphasis added).

In his petition, Weand argues that the Board's statement of reasons in its July 28, 2014, determination did not satisfy due process or section 6139(a)(5) of the Prisons and Parole Code (Code),[2] 61 Pa. C.S. §6139(a)(5), because the statement of reasons constituted a "blanket denial" and was pretextual in nature. We cannot agree.

---

**(continued…)**

*Board of Probation and Parole*, 983 A.2d 236, 239 n.1 (Pa. Cmwlth. 2009). We will sustain a demurrer only in cases that are clear and free from doubt and where it appears with certainty that the law permits no recovery. *Id.*

[2] Act of August 11, 2009, P.L. 147, *as amended*.

Section 6139(a)(5) of the Code states that "whenever an application for parole is refused by the [B]oard, a brief statement of the reasons for the [B]oard's action shall be filed of record in the offices of the [B]oard." 61 Pa. C.S. §6139(a)(5). The Board's statement of reasons need not be "extremely detailed [or] specific." *Hollawell v. Pennsylvania Board of Probation and Parole*, 701 A.2d 290, 291 (Pa. Cmwlth. 1997). A parole applicant has no due process right to release prior to the expiration of his maximum sentence. *Evans v. Pennsylvania Board of Probation and Parole*, 820 A.2d 904, 913 (Pa. Cmwlth. 2003). However, a parole applicant "has a clear right to receive a statement of the reasons for the denial of his parole application." *Voss v. Pennsylvania Board of Probation and Parole*, 788 A.2d 1107, 1111 (Pa. Cmwlth. 2001).

Here, Weand contends that he satisfied all of the criteria listed in the Board's December 23, 2013, decision that the Board stated would be considered in his next parole review. However, the Board included a statement of reasons for denying him parole in its July 28, 2014, decision, stating that reports and assessments indicated that Weand posed a risk to the community. The fact that Weand may have satisfied the criteria listed in the Board's December 23, 2013, decision did not preclude the Board from later denying Weand parole based on a new reason. Although Weand argues that the statement of reasons is a pretext,[3] mandamus is not the proper tool to advance this argument. Because the Board provided Weand with a statement of reasons for denying his parole, the Board satisfied section 6139(a)(5) of

---

[3] Weand fails to suggest any impermissible "true" reason for the Board's denial.

4

the Code and due process. Therefore, we conclude that Weand failed to establish a clear legal right to mandamus relief.

Accordingly, we sustain the Board's preliminary objections in the nature of a demurrer and dismiss Weand's petition for review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Weand, Jr., : : No. 9 M.D. 2015
                    Petitioner :
                             :
           v. :
                             :
Commonwealth of Pennsylvania, :
Pennsylvania Board of Probation and :
Parole, :
                             :
               Respondent :

## O R D E R

AND NOW, this 14th day of August, 2015, we hereby sustain the preliminary objections filed by the Pennsylvania Board of Probation and Parole and dismiss the petition for review filed by Michael J. Weand, Jr.

_____
ROCHELLE S. FRIEDMAN, Senior Judge