# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leroy Spann,                              :
                          Petitioner      :
                                          :
                 v.                       :
                                          :
Pennsylvania Board of                     :
Probation and Parole and                  :
Pennsylvania State Police,                :     No. 728 M.D. 2012
                        Respondents        :     Submitted: January 22, 2016


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: June 9, 2016


Before this Court is the Pennsylvania Board of Probation and Parole's

(Board) Suggestion of Mootness as to Leroy Spann's (Spann) pro se "(Complete)

Second Amended Petition for Review" (Petition) seeking mandamus relief,[2] the

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] In *Taylor v. Pennsylvania State Police*, 132 A.3d 590 (Pa. Cmwlth. 2016), an *en banc* decision, this Court overruled the Pennsylvania State Police's (PSP) preliminary objections premised on PSP's position that the petition for review sought mandamus relief, and that the allegations therein did not meet the standards for mandamus relief. There, although the petition for review was titled "Petition for Review in the Nature of a Writ of Mandamus[,]" this Court explained:

> a review of that document reveals no instances where [the petitioner] actually requests the PSP to undertake a mandatory duty. [The petitioner] requests this court to:

> > **declare** that [the Sexual Offender Registration and Notification Act, (]SORNA's[), Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa.C.S. §§

Pennsylvania State Police's (PSP) Preliminary Objections to the Petition, and Spann's Summary Judgment Motion.[3]  The issues before the Court are: (1) whether

> 9799.10-9799.41,] current lifetime registration is unconstitutional and **order that he is hereby exempt** from registering any further, and ... from registering four (4) times a year under SORNA, or in the alternative, **grant Petitioner's request** that, as it applies to him, application of SORNA is a direct consequence to Petitioner and an ex post facto application of the law.

*Id.* at 598-99 (quoting petition for review, Wherefore Clause).  Unlike *Taylor*, Spann requests this Court to:

> issue an order directing [the Board and PSP] to take appropriate steps to effectuate the process of removing [Spann] from the [Registry]. Furthermore, [Spann] requests that the court order the [Board and PSP] to notify other state agencies and the authority that maintains the Pennsylvania public website to remove [Spann] from the [Registry].

Petition at 5-6.  Because Spann's Petition seeks an order from this Court directing PSP and the Board to act, we conclude that the Petition is in the nature of mandamus, and thus, Spann must satisfy the requirements for mandamus relief.

[3] This action has a lengthy and complex procedural history.  On December 29, 2012, Spann filed his First Petition with this Court, naming "Brian Donovan, Parole Agent of the [Board]" as Respondent.  On April 4, 2013, the Board filed Preliminary Objections to the First Petition.  On April 30, 2013, this Court sustained the Board's Preliminary Objections and directed Spann to file an Amended Petition for Review, naming the Board as Respondent.  On May 17, 2013, Spann filed an Amended Petition for Review (Amended Petition).  On May 23, 2013, this Court ordered the Board to answer or otherwise plead within 30 days.  On June 21, 2013, the Board filed Preliminary Objections which this Court overruled by July 11, 2013 order.  On July 30, 2013, the Board filed its Answer and New Matter to the Amended Petition.  On March 19, 2014, Spann filed a "Motion for a Disposition on [the Amended Petition]," which this Court denied by March 20, 2014 order.  On May 7, 2014, Spann filed a Summary Judgment Motion.  On May 20, 2014, the Board filed an Answer to Spann's Summary Judgment Motion suggesting, *inter alia*, that PSP was a proper and necessary party.  On May 28, 2014, this Court issued an order permitting Spann to add PSP as an additional Respondent.  On June 10, 2014, Spann filed a Second Amended Petition for Review.  On July 15, 2014, this Court issued an order striking Spann's Second Amended Petition for Review as unauthorized.  The order, however, permitted Spann to file a Complete Second Amended Petition for Review adding PSP as a Respondent and adding any additional factual averments.  On August 8, 2014, Spann filed the Petition.  On August 11, 2014, this Court ordered the Board and PSP to file an Answer or otherwise plead within 30 days.  On September 8, 2014, the Board filed its Suggestion of Mootness to the Petition.  On September 9, 2014, PSP filed Preliminary Objections to the Petition.  On September 22, 2014, Spann responded to the Board's Suggestion of Mootness.  On October 8,

Spann's claims against the Board are moot; (2) whether the Petition states a claim for mandamus relief; and, (3) whether Spann's Summary Judgment Motion should be granted. After review, we grant the Board's Suggestion of Mootness, sustain PSP's Preliminary Objections, deny Spann's Summary Judgment Motion and dismiss Spann's Petition.

On March 26, 1990, Spann was convicted of rape pursuant to Section 3121 of the Crimes Code, 18 Pa.C.S. § 3121, and was sentenced to prison for 8½ to 20 years. In 1999, Spann was registered on PSP's statewide registry (Registry) as a sex offender under the first-enacted version of Megan's Law (Megan's Law I) which required Spann to register for ten years.[4] Spann's maximum sentence was to expire

2014, Spann answered PSP's Preliminary Objections. On December 17, 2014, PSP filed an Application for Relief seeking dismissal of Spann's Summary Judgment Motion since it was filed before the Petition was filed. By December 18, 2014 order, this Court directed Spann to serve the Summary Judgment Motion on PSP within 14 days. On January 5, 2015, Spann filed his Motion for Summary Judgment and Memorandum of Law. On February 4, 2015, PSP filed its Memorandum in Response to the Spann's Summary Judgment Motion. By February 20, 2015 letter, the Board notified this Court that it joined in PSP's Memorandum. On February 23, 2015, Spann replied to PSP's Memorandum. Thus, before this Court are the Board's Suggestion of Mootness, PSP's Preliminary Objections and Spann's Summary Judgment Motion.

[4] As this Court noted:

The Supreme Court has described the history of Pennsylvania's Megan's Law as follows:

The Act of October 24, 1995, P.L. 1079 (Spec.[ ]Sess. No. 1), now known as Megan's Law I, was to a significant extent ruled unconstitutional in *Commonwealth v. Donald Williams*, . . . 733 A.2d 593 ([Pa.] 1999). The General Assembly subsequently enacted Megan's Law II [Act of May 10, 2000, P.L. 74], whose constitutionality this Court substantially upheld in *Commonwealth v. Gomer Williams*, . . . 832 A.2d 962 ([Pa.] 2003). In the Act of November 24, 2004, P.L. 1243 (known as Megan's Law III), the General Assembly addressed several matters, including that portion of Megan's Law II held to be unconstitutional in *Gomer Williams*, concerning the penalty provisions that attached to sexually violent

on July 4, 2009. However, on March 17, 2004, after being convicted of driving under the influence of alcohol while on parole, Spann was recommitted and his maximum sentence release date was recalculated to June 6, 2013.

By December 14, 2009 letter, PSP Commander Lieutenant Douglas E. Grimes (Grimes) notified Spann that he had been removed from the Registry. The letter advised:

> A review of your registration history and criminal history/confinement record has revealed that you are no longer required to register as a sex offender with the [PSP] at this time. Thus, you are not required to verify or report a change of your address, employment, or school information to the [PSP]. Additionally, your information has been removed from the public website effective the date of this correspondence.

December 14, 2009 PSP letter, Petition, Ex. C.

---

> predators who failed to comply with registration and other requirements of the act. In the Act of November 29, 2006, P.L. 1567 (effective January 1, 2007), the General Assembly amended the legislation once again . . . .

> *Commonwealth v. Leidig*, . . . 956 A.2d 399, 400 n.1 ([Pa.] 2008). In 2011, the General Assembly substantially revised Megan's Law setting out the provisions, subject to minor subsequent amendments, we refer to as [the Sexual Offender Registration and Notification Act (SORNA)(]Megan's Law IV[)]. In *Commonwealth v. Neiman*, . . . 84 A.3d 603, 615-16 ([Pa.] 2013), the Pennsylvania Supreme Court struck various provisions of Megan's Law III on the grounds that the Act of November 24, 2004, P.L. 1243 (Act 152), violated the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. The majority of these provisions had already expired, per Section 9799.41 of Megan's Law IV, 42 Pa.C.S. § 9799.41, as well as other amendments to Megan's Law. *Neiman*, 84 A.3d at 606-07 n[].8-18.

*Coppolino v. Noonan*, 102 A.3d 1254, 1258 n.2 (Pa. Cmwlth. 2014), *aff'd*, 125 A.3d 1196 (Pa. 2015).

On December 20, 2012, the Sexual Offender Registration and Notification Act (SORNA)[5] (Megan's Law IV) became effective. Section 9799.13 of SORNA, 42 Pa.C.S. § 9799.13, required individuals convicted of sexually-violent offenses to register with PSP. SORNA defined "[s]exually[-]violent offense" as "a Tier I, Tier II or Tier III sexual offense[,]" and categorized rape as a Tier III sexual offense. 42 Pa.C.S. § 9799.12; *see* 42 Pa.C.S. § 9799.14(d). Section 9799.15(a)(3) of SORNA required Tier III sexual offenders to register for life. 42 Pa.C.S. § 9799.15(a)(3). Section 9799.19(e.2) of SORNA requires that the applicable Board or county probation office shall register the individual within 48 hours if the individual is serving a sentence of parole on or after the date of the enactment of that section. 42 Pa.C.S. § 9799.19(e.2).

Because Spann was under the Board's supervision on December 20, 2012, the Board notified Spann that he was subject to SORNA's registration requirements. On December 29, 2012, Spann filed a petition for review (First Petition) in the nature of mandamus challenging SORNA's lifetime registration requirement. Thereafter, on August 8, 2014, Spann filed the Petition, naming PSP as an additional party. On September 8, 2014, the Board filed a Suggestion of Mootness to the Petition. On September 9, 2014, PSP filed Preliminary Objections to the Petition. On January 5, 2015, Spann filed his Summary Judgment Motion and supporting Memorandum of Law. On June 6, 2013, Spann reached his maximum sentence date and the Board's supervision ceased.

I.      **The Board's Suggestion of Mootness**

The Board asserts that since Spann is no longer under its supervision, his Petition is moot as it pertains to the Board. We agree. This Court has held that an

---

[5] 42 Pa.C.S. §§ 9799.10 - 9799.41.

issue is moot where it can no longer be redressed by court action. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116 (Pa. Cmwlth. 2004).[6] Although Section 9799.19(e.2) of SORNA requires the Board to register an individual within 48 hours if the individual is serving a sentence of parole, the Board has no such responsibility once an individual is no longer on parole. Importantly, the Board does not operate the Registry. Section 9799.16(a) of SORNA provides that "[t]he [PSP] shall create and maintain the [R]egistry." 42 Pa.C.S. § 9799.16(a); *see also* 42 Pa.C.S. § 9799.15.

Spann's Petition requests this Court to

> issue an order directing [the Board and PSP] to take appropriate steps to effectuate the process of removing [Spann] from the [Registry]. Furthermore, [Spann] requests that the court order the [Board and PSP] to notify other state agencies and the authority that maintains the Pennsylvania public website to remove [Spann] from the [Registry].

Petition at 5-6.

As explained in the Board's Suggestion of Mootness and Spann acknowledged in his Petition, Spann has not been under Board supervision since June 6, 2013. Thus, the Board had no further involvement in the maintenance of Spann's name in the Registry. The Board does not maintain the Registry, and has no authority under SORNA to remove an individual's name therefrom. Thus, even if Spann were

---

[6] The *Mistich* Court explained:

> Generally, a case will be dismissed as moot if there exists no actual case or controversy. The existence of a case or controversy requires
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Id.* at 119 (citation omitted) (quoting *Dow Chem. Co. v. United States Envtl. Prot. Agency,* 605 F.2d 673, 678 (3rd Cir. 1979)).

successful in obtaining mandamus relief, there is no action that this Court could order the Board to take that would afford Spann the relief he seeks. Accordingly, Spann's mandamus action is moot as to the Board and is, therefore, dismissed.

## II. PSP's Preliminary Objections

PSP's Preliminary Objections assert that the Petition should be dismissed because it does not state a valid claim for mandamus relief. We agree. Initially, we note that

> [p]reliminary objections in the nature of a demurrer admit all well-pleaded material facts and any inferences reasonably deduced from them, but not legal conclusions. A demurrer will be sustained only in cases that are clear and free from doubt and only where it appears with certainty that the law permits no recovery under the allegations pleaded.

*Nieves v. Pa. Bd. of Prob. & Parole*, 983 A.2d 236, 239 n.1 (Pa. Cmwlth. 2009) (citation omitted). Moreover, our Supreme Court has explained:

> A proceeding in mandamus is an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy; there is a clear legal right in the plaintiff, and a corresponding duty in the defendant.

*McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005). "Mandamus is not proper to establish a legal right, but is only appropriately used to enforce those rights that have already been established." *Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 777 (Pa. Cmwlth. 2003).

To justify mandamus relief, Spann's Petition must demonstrate that he has a clear legal right to have his name removed from the Registry, and that PSP has a corresponding duty to remove it. It is undisputed that Spann was convicted of rape

in 1990, and was subject to the Board's supervision on December 20, 2012. SORNA became effective on that date, and required the registration of individuals who, on or after the effective date, were under Board supervision resulting from a conviction for a sexually-violent offense.

Spann contends that SORNA's registration[7] requirements are unconstitutional *ex post facto* laws. Pennsylvania courts have expressly held that SORNA is not punitive and does not violate the *ex post facto* provisions of the United

---

[7] Unlike in *Taylor*, Spann's Petition does not allege that SORNA's **notification** provisions infringe on his constitutional rights. The Petition alleges in relevant part:

> 12. At no time during the course of sentencing or subsequently did either the sentencing judge or any judicial-board of review inform [Spann] that he would be subjected to lifetime registration under Pennsylvania's version of Megan['s] Law.

> 13. Under the circumstances, although [the Board's parole agent] overstepped his authority by ignoring [Grimes'] letter (that removed [Spann] from the [Registry]), the [PSP] had a duty to correct [the parole agent's] seemingly personal-interest of having [Spann] put back on the [Registry].

> 14. By failing to reaffirm [Grimes'] December 14, 2009 [letter] and taking actions to return [Spann] on the [Registry,] the [PSP] deprived [Spann] of his right to due process of law and the equal protection of law simply because, since being removed from the [R]egistry [Spann] has not been rearrested for committing any new sexual offense which would have changed [Spann's] legal status.

> 15. As a result of the collective unlawful actions of the [Board and PSP, Spann] noticed increasing difficulty maintaining a non-hostel [sic] work environment since, his identity was returned to the [Registry] which have cause[d] heighten[ed] alert — and jeopardizes his freedom of the pursuit of happiness.

Petition at 5.

States and Pennsylvania Constitutions. Most recently in *Taylor v. Pennsylvania State Police,* 132 A.3d 590 (Pa. Cmwlth. 2016), this Court explained:

> With regard to whether the specific *registration requirements* of SORNA pose ex post facto concerns, we recently conducted an extensive review of those requirements in *Coppolino* [*v. Noonan*, 102 A.3d 1254 (Pa. Cmwlth. 2014)] and concluded that the registration requirements, save Section 9799.15(g), 42 Pa.C.S. § 9799.15(g) (requiring those convicted prior to SORNA to provide in-person updates to registration information), are not punitive and pose no ex post facto concerns. *Coppolino,* 102 A.3d at 1278–79. Based on *Coppolino,* which was affirmed by the Pennsylvania Supreme Court, the only registration requirement of SORNA that is punitive, as applied to [the petitioner], is Section 9799.15(g) and that requirement must not be imposed upon him.

*Taylor*, 132 A.3d at 601. *See also Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003) (holding that provisions in a prior version of SORNA were not punitive); *Commonwealth v. Giannantonio*, 114 A.3d 429 (Pa. Super. 2015); *Commonwealth v. Perez*, 97 A.3d 747 (Pa. Super. 2014).[8]

Spann also claims that the registration requirements imposed upon him without a hearing violated his procedural due process rights. In *Taylor*, this Court addressed a similar claim. The Court explained:

> Article I, Section 1 of the Pennsylvania Constitution states that '[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.' Pa. Const. art. I, § 1. Unlike the Due Process Clause of the Fourteenth Amendment, our Supreme Court has acknowledged that reputation is protected under Article I,

---

[8] We reject Spann's assertion that his removal from the Registry in 2009 (based on the provisions of the then-existing statute) somehow precludes his inclusion on the Registry as SORNA mandated. Because Spann falls within the class of individuals required to register under SORNA, he must do so.

Section 1 of the Pennsylvania Constitution. *See R. v. Department of Public Welfare*, . . . 636 A.2d 142, 149 ([Pa.] 1994) (discerning a fundamental right to reputation under the Pennsylvania Constitution). Accordingly, reputation is among the fundamental rights that cannot be abridged without compliance with state constitutional standards of due process. *Id.*

[The petitioner's] procedural due process challenge focuses on SORNA's bedrock 'presumption that all sexual offenders 'pose a high risk of committing additional sexual offenses. . . .'' (Petition for [r]eview ¶ 20 (quoting 42 Pa.C.S. § 9799.11(a)(4)).) Because, under SORNA, all individuals previously convicted of a sexual offense are presumed to pose a high risk of re-offense, SORNA's registration scheme does not provide offenders with an opportunity to challenge their registration requirements by establishing to a fact finder that the offender has reformed and no longer poses a threat to the public. *See* Section 9799.23(b) of SORNA, 42 Pa. C.S. § 9799.23(b) (providing that courts shall not have the authority, with certain exceptions, to relieve a sexual offender from the duty to register.) Thus, under SORNA, individuals convicted of sexually violent offenses are required to register without a determination regarding the offender's level of dangerousness and likelihood of re-offense ever being made.

Our Supreme Court recently assessed the constitutionality of this presumption as applied to juveniles sexual offenders in [*In the interest of J.B.*, 107 A.3d 1, 14 (Pa. 2014)]. The Supreme Court began its analysis in *J.B.* by considering whether the juvenile petitioners had a right protected by the due process clause of the Pennsylvania Constitution. As explained by the Supreme Court:

> SORNA explicitly declares that sexual offenders, including juvenile offenders, 'pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest.' 42 Pa. C.S. § 9799.11(a)(4). Indeed, a primary purpose of SORNA is to inform and warn law enforcement and the public of the potential danger of those registered as sexual

10

offenders. . . . [T]he common view of registered sexual offenders is that they are particularly dangerous and more likely to reoffend than other criminals. Thus, SORNA registration requirements, premised upon the presumption that all sexual offenders pose a high risk of recidivating, impinge upon juvenile offenders' fundamental right to reputation as protected under the Pennsylvania Constitution.

*J.B.*, 107 A.3d at 16-17.

After determining that the juvenile petitioners had a protected right to their reputations, the Supreme Court summarized its case law outlining the 'irrebuttable presumption doctrine' as providing that 'irrebuttable presumptions are violative of due process where the presumption is deemed not universally true and a reasonable alternative means of ascertaining that presumed fact are available.' *Id.* at 15 (quoting *Dep[′t] of Transp[.], Bureau of Driver Licensing v. Clayton*, . . . 684 A.2d 1060, 1063 ([Pa.] 1996)). The Supreme Court cited studies credited by the trial court that showed juvenile sexual offenders exhibit levels of recidivism that 'are indistinguishable from the recidivism rates of non-sexual juvenile offenders.' *Id.* at 17. Based on these studies and other societal knowledge gleaned from statutes and case law, the Supreme Court concluded that SORNA's registration requirements 'improperly brand all juvenile offenders' reputations with an indelible mark of a dangerous recidivist, even though the irrebuttable presumption linking adjudication of specified offenses with a high likelihood of recidivating is not 'universally true.'' *Id.* at 19. The Supreme Court then determined that a reasonable alternative means to ascertain whether the juvenile offenders represented a recidivism risk was available in the form of a hearing similar to the hearing required before classifying an offender as a sexually violent predator pursuant to Section 9799.24 of SORNA, 42 Pa. C.S. § 9799.24. *J.B.*, 107 A.3d at 19. Concluding that the 'irrebuttable presumption doctrine' was satisfied, the Supreme Court held that the lifetime registration requirement was unconstitutional as applied to juveniles because it encroached upon the juvenile petitioners'

11

constitutionally protected interest in their reputation without due process of law. *Id*. at 19-20.

*Taylor*, 132 A.3d at 604-06. The *Taylor* Court further discussed the petitioner's allegations, stating:

> [The petitioner] avers that he has a right to reputation encroached upon by SORNA's irrebuttable presumption. The PSP offers no argument that [the petitioner's] right to reputation is not infringed by SORNA and we, therefore, presume that [the petitioner] has sufficiently alleged such. Nor does the PSP dispute [the petitioner's] allegation with regard to the final step of the irrebuttable presumption doctrine: that reasonable alternative means exist to determine whether [the petitioner] poses a high risk of recidivism. Accordingly, we shall focus on whether [the petitioner] alleges facts that, when accepted as true, shows that it is not universally true that adult offenders pose a heightened risk of recidivism.
>
> [The petitioner's] allegations point to studies showing that sexual offenders have very low rates of recidivism in general. According to [the petitioner], SORNA's irrebuttable presumption is based on speculation and conjecture despite firm evidence to the contrary[.] In response to [the petitioner's] averments, the PSP argues that [the petitioner] cannot satisfy the universality factor of the irrebuttable presumption doctrine and points to previous decisions by the Pennsylvania and United States Supreme Courts, in which the courts have stated that recidivism rates of all sexual offenders are high. Although the cases cited by the PSP are persuasive, we decline to conclusively resolve factual questions based on statements made in judicial decisions that are nearly a decade old. Sociological and psychological facts that serve as predicates to judicial decisions may be re-tested based on newly developed research and increases in human understanding. The [p]etition for [r]eview cites to studies supporting [the petitioner's] allegation that it is not universally true that sexual offenders always pose a high risk of re-offense . . . . When reviewing preliminary objections, this Court must treat all well-pleaded facts and any reasonable inference from those facts as true. Just as the petitioners in *J.B.* were entitled to prove their allegations with regard to recidivism

12

rates of juvenile offenders, notwithstanding previous judicial findings to the contrary, [the petitioner] must be afforded an opportunity to present his proof.

*Id.* at 606-07 (citations and quotation marks omitted).

Unlike in *Taylor*, Spann does not allege that he has a right to reputation that has been infringed by SORNA's irrebuttable presumption. Spann does not allege that reasonable alternatives exist to determine Spann's recidivism risk. Nor is there any reference in Spann's Petition to studies regarding relevant recidivism rates. Thus, unlike *Taylor*, where the Court was required to "treat all well-pleaded facts and any reasonable inference from those facts as true[,]" Spann has pled no facts that could support his due process challenge to SORNA. *Id.* at 606. Accordingly, Spann cannot establish that he has a clear legal right to the removal of his name from the Registry, and thus, mandamus relief is not warranted. Because "the law permits no recovery under the allegations pleaded[,]" we sustain PSP's Preliminary Objections and dismiss Spann's Petition. *Nieves*, 983 A.2d at 239 n.1.

**III.     <u>Spann's Summary Judgment Motion</u>**

Spann's Summary Judgment Motion essentially revisits the allegations raised in his Petition that the December 14, 2009 PSP letter requires that his name be removed from the Registry, and requests that this Court direct the Board and PSP to do so. In light of our holding that Spann's action is moot with respect to the Board, and having sustained PSP's Preliminary Objections, we deny Spann's Summary Judgment Motion.

For all of the above reasons, we grant the Board's Suggestion of Mootness, sustain PSP's Preliminary Objections, deny Spann's Summary Judgment Motion and dismiss Spann's Petition.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leroy Spann,                              :
                Petitioner            :
                                      :
               v.                                :
                                      :
Pennsylvania Board of                     :
Probation and Parole and                  :
Pennsylvania State Police,                 :     No. 728 M.D. 2012
                    Respondents     :

## O R D E R

AND NOW, this 9th day of June, 2016, the Pennsylvania Board of Probation and Parole's Suggestion of Mootness is granted, the Pennsylvania State Police's Preliminary Objections are sustained, Leroy Spann's Summary Judgment Motion is denied and the "(Complete) Second Amended Petition for Review" is dismissed.

_____
ANNE E. COVEY, Judge